**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| WILLIAM MEDOF AND ALLISON MEDOF,<br><br>Plaintiffs,<br><br>v.<br><br>CHUBB NATIONAL INSURANCE COMPANY D/B/A CHUBB INDEMNITY INSURANCE COMPANY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION FILE NO.<br><br>1:24-cv-04239-SCJ |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

The following Joint Preliminary Report and Discovery Plan is submitted by the Parties:

1. **Description of Case:**

(a) Describe briefly the nature of this action.

**Plaintiffs William Medof and Allison Medof (the "Medofs") allege that Chubb National Insurance Company ("Chubb National") breached its insurance contract by failing to fully indemnify a property loss in good faith. Chubb National contends that it did not breach the insurance contract because the Medofs did not show any covered damage to the insured property and Chubb National investigated and handled the Medofs' claim in good faith.**

(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

**On November 10, 2023, the Medofs reported a claim to Chubb National alleging that a hail event caused damage to their property on July 20, 2023. Chubb National and its contractor inspected the property and did not observe any hail damage. On November 14, 2023, Chubb National sent a letter to the Medofs explaining that its investigation did not reveal any hail damage requiring repair or replacement.**

**On May 30, 2024, the Medofs' counsel sent a demand for payment in the amount of $82,449.83 less previous payments and the applicable deductible. The Medofs' counsel enclosed with the demand an estimate in the amount of $82,449.83. Chubb National did not pay the amount demanded by the Medofs because it determined that the Medofs did not demonstrate a covered loss.**

(c) The legal issues to be tried are as follows:

**Whether Chubb National breached the insurance contract by declining to pay the amount demanded by the Medofs, and whether Defendant's refusal to pay the claim constitutes bad faith under O.C.G.A. § 33-4-6.**

(d) The cases listed below (include both style and action number) are:

(1) Pending Related Cases:

**None.**

(2) Previously Adjudicated Related Cases:

**None.**

**2. This case is complex because it possesses one or more of the features listed below (please check):**

| | | |
|---|---|---|
| ______ | (1) | Unusually large number of parties |
| ______ | (2) | Unusually large number of claims or defenses |
| X | (3) | Factual issues are exceptionally complex |
| X | (4) | Greater than normal volume of evidence |
| X | (5) | Extended discovery period is needed |
| ______ | (6) | Problems locating or preserving evidence |
| ______ | (7) | Pending parallel investigations or action by government |
| X | (8) | Multiple use of experts |
| ______ | (9) | Need for discovery outside United States boundaries |
| X | (10) | Existence of highly technical issues and proof |
| ______ | (11) | Unusually complex discovery of electronically stored information |

**3. Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

**Plaintiff:**

Foster L. Peebles
Georgia Bar No. 410852
Michael D. Turner
Georgia Bar No. 216414
The Huggins Law Firm, LLC
110 Norcross Street
Roswell, Georgia 30075
Telephone: (770) 913-6229
E-mail: fpeebles@lawhuggins.com
E-mail: mdturner@lawhuggins.com

**Defendant:**

Alycen A. Moss
Georgia Bar No. 002598
Elliot Kerzner
Georgia Bar No. 225221
COZEN O'CONNOR
1230 Peachtree Street, N.E.
The Promenade, Suite 400
Atlanta, Georgia 30309
Telephone: (404) 572-2052
Facsimile: (877) 728-1396
E-mail: amoss@cozen.com
E-mail: ekerzner@cozen.com

**4. Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

_____ Yes __X__ No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5. Parties to This Action:**

(a) The following persons are necessary parties who have not been joined:

**None.**

(b) The following persons are improperly joined as parties:

**None.**

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

**Chubb National Insurance Company is incorrectly named "Chubb National Insurance Company d/b/a Chubb Indemnity Insurance Company."**

(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6. Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings that the parties anticipate will be necessary:

**It may be necessary to amend the complaint to reflect Chubb National's correct name.**

(b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7. Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) *Summary Judgment Motions:* within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) *Other Limited Motions*: Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony:* Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8. Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed. R. Civ. P. 26(a)(1)(B).

**9. Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

**No.**

**10. Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

1. **The factual bases for Plaintiff's claims;**
2. **The factual bases for Defendant's defenses;**
3. **Plaintiff's alleged damages; and**
4. **Plaintiff's demand for consultant and expert fees and statutory penalties.**

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

**The Parties anticipate that the four (4) month discovery track will not be enough, given the factual and legal issues at play in this matter. The Parties agree they should be able to complete discovery in eight (8) months, and respectfully and jointly request that the Court order same.**

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

**The Parties have agreed that Chubb National's responses to the Medofs' discovery requests will be due on November 20, 2024.**

(b) Is any party seeking discovery of electronically stored information?

__X__ Yes _____ No

If "yes,"

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed



LEGAL\73636039\1

to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

**The Parties agree they will confer regarding sources and scope of production of potentially relevant ESI requested during the course of discovery, as needed. The Parties agree on the format for the production of ESI and it shall be produced as PDF files. Metadata will be provided as requested or as needed. All documents shall be Bates-labeled.**

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

**The Parties agree they will confer regarding sources and scope of production of potentially relevant ESI requested during the course of discovery, as needed. The Parties agree on the format for the production of ESI and it shall be produced as PDF files. Metadata will be provided as requested or as needed. All documents shall be Bates-labeled.**

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12. Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

**The Parties will confer in order to reach agreement on whether a confidentiality protective order may be requested, and reserve the right to so petition the Court.**

**13. Settlement Potential:**

(a) Lead counsel for the parties certify by their signatures below, that they conducted a Rule 26(f) conference that was held on October 21, 2024, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For plaintiff: Lead Counsel (signature): /s/ Foster L. Peebles

Other participants: /s/ Michael D. Turner

For defendant: Lead Counsel (signature): /s/ Alycen A. Moss

Other participants: /s/ Elliot Kerzner

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(__X__) A possibility of settlement before discovery.
(__X__) A possibility of settlement after discovery.
(______) A possibility of settlement, but a conference with the judge is needed.

(______) No possibility of settlement.

(c) Counsel (**do**) or (__) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is November 5, 2024.

(d) The following specific problems have created a hindrance to settlement of this case:

**None.**

**14. Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this ____ day of __________, 2024.

(b) The parties (_X_) do not consent to having this case tried before a magistrate judge of this Court.

Respectfully submitted this 4th day of November, 2024, by:

*/s/ Foster L. Peebles*
Foster L. Peebles
Georgia Bar No. 410852
Michael D. Turner
Georgia Bar No. 216414
The Huggins Law Firm, LLC
110 Norcross Street
Roswell, Georgia 30075
Telephone: (770) 913-6229
E-mail: fpeebles@lawhuggins.com
E-mail: mdturner@lawhuggins.com

*Counsel for Plaintiff*

*/s/ Elliot Kerzner*
Alycen A. Moss
Georgia Bar No. 002598
Elliot Kerzner
Georgia Bar No. 225221
The Promenade, Suite 400
1230 Peachtree Street, N.E.
Atlanta, Georgia 30309
Telephone: (404) 572-2070
Facsimile: (404) 602-9968
E-mail: amoss@cozen.com
E-mail: ekerzner@cozen.com

*Counsel for Defendant*

CERTIFICATION: The above-signed counsel hereby certifies that this document was prepared in Times New Roman 14-point font and a 1.0-inch top margin in accordance with LR 5.1B, N.D. Ga.

* * * * * * * * * * * *

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

IT IS SO ORDERED, this ____ day of ________________, 2024.

______________________________________

The Honorable Steve C. Jones
United States District Court
Northern District of Georgia, Atlanta Division